## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **NELSON FIGUEROA,**<br>**on behalf of himself and all others**<br>**similarly situated** | § <br> § <br> § <br> § | |
| **Plaintiff,** | § <br> § | **CIVIL ACTION NO. _____** |
| **v.** | § <br> § | |
| **THE MARGE GROUP, LLC,** | § <br> § | |
| **Defendant.** | § <br> § <br> § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## <u>COLLECTIVE ACTION AND CLASS ACTION</u>

1.     Plaintiff Nelson Figueroa ("Plaintiff"), on behalf of himself and all other "similarly situated" workers of Defendant The Marge Group, LLC (hereinafter "Defendant"), files this lawsuit to recover unpaid overtime compensation, meal and rest period, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*, and the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 171, *et seq*., §§ 250, *et seq*., and §§ 271, *et seq*.

## <u>JURISDICTION AND VENUE</u>

2.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1331 as this case involves questions of federal law, specifically the FLSA.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.     This Court has personal jurisdiction over Defendant because Defendant operates in Puerto Rico, hired employees in Puerto Rico, and secured a contract with the federal government to provide disaster relief services to Puerto Rico.

1

4.      Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff Nelson Figueroa is an individual residing in Orocovis, Puerto Rico.  His written consent form to this action is attached hereto.

6.      "Class Members" constitutes all individuals classified by Defendant as an independent contractor and who worked for Defendant as part of the FEMA Step Housing Program at any time during the three year period prior to the filing of this Complaint to the present.

7.      Defendant The Marge Group, LLC is a foreign limited liability company doing business in Puerto Rico. Defendant is headquartered in Georgia and can be served with process by serving  its President, Thomas McCrea at its principal place of business at 1229 Royal Drive Suite E, Conyers, GA 30094.

## COVERAGE

8.      At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

9.      At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.      At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

2

11.     At all material times, Plaintiff and the Class Member were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

12.     At all material times, Defendant has been an employer within the meaning of 29 L.P.R.A § 250b.

13.     At all material times, Plaintiff and the Class Members were employees within the meaning of 29 L.P.R.A § 250b.

## **FACTS**

14.     In September 2017, Hurricane Maria struck the Commonwealth of Puerto Rico. Hurricane Maria was one of the largest natural disasters in history.  As a result, much of the island was in need of repair and cleanup.

15.     Defendant operates a construction company conducting disaster relief work throughout Puerto Rico.

16.     Defendant acquired a contract to perform services under the FEMA Step Housing Program.

17.     To do this work, Defendant employed manual laborers.  These laborers performed construction tasks for houses in Puerto Rico, such as installing toilets, installing cabinets, repairing faucets, installing doors, cleaning roofs, and other similar tasks.

18.     For this work, the laborers were paid an hourly rate of pay.  They regularly worked more than 8 hours per day and 40 hours per week.

19.     However, when the laborers worked more than 8 hours in a day or 40 hours in a week, they were not paid any additional wages for overtime. That is because Defendant misclassified these workers as independent contractors.

20.    Plaintiff Figueroa worked as a laborer for Defendant.  He worked for Defendant from March 2018 to May 2018.

21.    He was paid an hourly rate of $15.  Like the Class Members, Plaintiff was not paid any additional wages for overtime because he was misclassified as an independent contractor.

22.    Plaintiff regularly worked overtime hours for Defendant.  He was required to start work each day at 8:00 am and would regularly stop work at 6:00 pm or later.  He was given a schedule that was Monday through Friday.

23.    Plaintiff and the Class Members were not independent contractors, but were employees.

24.    Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

25.    In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform his work.

26.    Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a.   Defendant required Plaintiff and the Class Members to report to his assigned job site at a set time;

   b.   Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work preapproved;

   c.   Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform his work;

4

     d.   Plaintiff and the Class Members faced termination if they failed to perform his work in the manner required by Defendant;

     e.   Defendant assigned Plaintiff and the Class Members a substantial number of hours of work per week;

     f.   Plaintiff's and the Class Members' services were integrated into Defendant's operations;

     g.   Plaintiff and the Class Members constituted the workforce without which Defendant could not perform his services;

     h.   Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees; and

     i.   Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

27.    Furthermore, the degree of investment Plaintiff and the Class Members made to perform his work pales in comparison to the expenses Defendant incurred.

28.    Further, Plaintiff and the Class Members performed work that was integral to the operations of Defendant.

29.    Moreover, Defendant supervised and controlled the activities of Plaintiff and the Class Members.  Defendant monitored his work, reviewed his work, issued instructions, and directed his work in the manner deemed sufficient by Defendant.

30.    Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

31.    Defendant misclassified the Plaintiff and the Class Members as independent contractors to avoid the obligation to pay these employees overtime.

32.     However, at all times, Plaintiff and the Class Members were employees of Defendant.

33.     Although Plaintiff and the Class Members has been required to work more than 8 hours per day and forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for overtime hours.

34.     No exemption applies to Plaintiff or the Class Members.

35.     Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that his conduct complied with the FLSA. Defendant's pay scheme was not by accident, but a well thought out plan to reduce his labor costs.  Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so.  Accordingly, Defendant's violations of the FLSA were willful.

## FLSA COLLECTIVE ACTIONS

36.     Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other similarly situated workers of Defendant.  Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).  Plaintiff seeks unpaid wages, liquidated damages, court costs, and attorneys' fees on behalf of the Class.

37.     Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty hours per workweek.  That is, Plaintiff worked with other laborers of Defendant and as such, has first-hand personal knowledge of the same pay violations throughout Defendant's operations.

38.     Other workers similarly situated to the Plaintiff work or have worked for Defendant, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

39.     Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

40.     The Class Members perform or has performed the same or similar work as the Plaintiff.

41.     The Class Members regularly work or has worked in excess of forty hours during a workweek.

42.     Like Plaintiff, the Class Members were not paid overtime.

43.     The Class Members are not exempt from receiving overtime under the FLSA.

44.     As such, the Class Members are similar to the Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime.

45.     Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

46.     The experience of the Plaintiff, with respect to his pay, and lack thereof, is typical of the experiences of the Class Members.

47.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

48.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

49.     Although the exact amount of damages may vary among Class Members, the damages can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

50.     As such, the Class of similarly situated workers is properly defined as follows:

> **All individuals classified by Defendant as an independent contractor and who worked for Defendant as part of the FEMA Step Housing Program at any time during the three year period prior to the filing of this Complaint to the present.**

## CLASS ACTION ALLEGATIONS

51.     Plaintiff also seek to represent a class under Fed. R. Civ. P. 23(b)(3) for back wages, interest and liquidated damages under the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 171, *et seq*., §§ 250, *et seq*., and §§ 271, *et seq*.  The class is defined below:

> **All individuals classified by Defendant as an independent contractor and who worked for Defendant as part of the FEMA Step Housing Program at any time during the three year period prior to the filing of this Complaint to the present.**

52.     The individuals in the Class are so numerous that joinder of all individual members is impracticable.   Although the precise number of such individuals is currently known to Defendant, Plaintiff believes that the number of individuals that worked for Defendant in Puerto Rico in the last three years exceeds 40.

53.     There are questions of law and fact common to the Class that predominate over any individual questions solely affect individual members, including, but not limited to:

A.     Whether Defendant violated Puerto Rico law by classifying the laborers as independent contractors as opposed to employees;

B.     Whether Defendant violated Puerto Rico law by failing to pay overtime wages to the Plaintiff and Class Members;

C. Whether Plaintiff and the Class Members are entitled to overtime pay;

D. Whether Plaintiff and the Class Members are entitled to liquidated damages;

54. Plaintiff's overtime claims are typical of those of the Class Members.  Plaintiff, like the Class Members, was misclassified as an independent contractor and denied his right to overtime wages.  The misclassification of Plaintiff resulted from the implementation of a pay policy which affected all Class Members in a similar way. Plaintiff challenge Defendant's pay practices under legal theories common to all Class Members.

55. Plaintiff and the undersigned counsel are adequate representatives of the Class. Given Plaintiff's losses, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.  Plaintiff has no interests that are antagonistic to those of the Class or that would cause him to act adversely to the best interests of the Class.  Plaintiff has retained counsel experienced in class action litigation and wage and hour disputes.

56. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards for Defendant and similar companies.

57. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## FIRST CAUSE OF ACTION
### Violation of the FLSA—Collective Action
### (Failure to Pay Overtime)

58. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

59.     29 U.S.C. § 216(b) allows Plaintiff to assert FLSA claims on behalf of himself and all other employees similarly situated.   Plaintiff assert this claim on behalf of himself and all similarly situated employees in the Class defined above, who worked for Defendant at any time from the three years prior to the date the Complaint was originally filed continuing through the present.  All requirements for a collective action are met.

60.     29 U.S.C. § 207 requires Defendant to pay all employees for each hour worked in excess of 40 at a rate equal to one and one half times the regular rate of pay.

61.     Defendant failed to pay Plaintiff and the Class Members overtime.

62.     Based on the foregoing, Plaintiff and the Class Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendant.

63.     They are also entitled to all wages that were wrongfully deducted from their pay.

64.     Defendant's conduct was willful and was done with the intent to avoid paying them overtime and other benefits that they are legally entitled.

65.     The Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA.

66.     The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Plaintiff and the Class Members are entitled to recover attorneys' fees and costs incurred in enforcing his rights pursuant to 29 U.S.C. § 216(b).

67.     29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such

10

records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

68.     29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee during the workweek.

69.     To the extent Defendant failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiff and the Class Members comprehensive statements showing the hours they worked during the relevant time period, they also violated the law.

70.     When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 is controlling.  That rule states:

> [W]here the employer's records are inaccurate or inadequate. . .an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

71.     The Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records.  Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with. . .the Act." *Id.*

11

72.     Based on the foregoing, on behalf of the Class Members, Plaintiff seeks unpaid overtime at the required legal rates for all his work during the relevant time period, back pay, reimbursement of all wrongful deductions, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by law.

## SECOND CAUSE OF ACTION
### Puerto Rico Labor Law, 29 LPRA § 250 – Class Action
### (Failure to Pay Overtime)

73.     Plaintiff, on behalf of himself and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

74.     It is unlawful under Puerto Rico law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek or more than 8 hours in one day.

75.     In fact, Article II, Section 16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and 29 L.P.R.A. § 273(a) defines overtime as "the hours that an employee works for an employer more than eight (8) hours during any period of twenty-four consecutive hours."

76.     Defendant violated Article II, Section 16 of the Puerto Rico Constitution and 29 L.P.R.A. § 273(a), by regularly and repeatedly failing to properly compensate Plaintiff for all his compensable overtime actually worked and failing to do so in the time required by the Constitution and 29 L.P.R.A. § 273 (a). "The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection to his health or person in his work or employment, and to an ordinary work-day which shall not exceed eight hours. An employee may work more than this daily limit only if

he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed."

77.     When Plaintiff worked more than eight hours on the first day of his workweeks, and more than eight hours each subsequent day, the entire subsequent day should have been paid at time and one-half.

78.     Defendant willfully failed to pay overtime pay to Plaintiff.

79.     Indeed, Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the Class Members at the required overtime rates, of one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per workweek and more than 8 hours in one day.

80.     As a result of Defendant willful violations of the applicable Puerto Rico Labor Laws, Plaintiff and the Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Puerto Rico Labor Law, 29 LPRA § 171, et seq. – Class Action
### (Illegal Deduction from Wages)

81.     Plaintiff, on behalf of himself and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

82.     Defendant made illegal deductions from the wages of the Plaintiff and Class Members.  These deductions had no basis in law.  The deductions were an improper method of passing Defendant's overhead costs onto the Plaintiff and Class Members.

83.     As a result of Defendant's willful violations of the applicable Puerto Rico Labor Laws, Plaintiff and Class members are entitled to recover their respective unpaid compensation,

liquidated damages (double damages), withheld wages, as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**Puerto Rico Labor Law, 29 LPRA § 173, et seq. – Class Action**

**(Time and Manner of Payment Violations)**

84.     Plaintiff, on behalf of himself, individually, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

85.     Puerto Rico Code 29 L.P.R.A. § 173, et seq. requires employers to pay their employees for all hours worked at intervals not to exceed fifteen (15) days. This section further provides that when an employee is dismissed from it work, the employer has a duty to pay the employee no later than the next official payday.

86.     Puerto Rico Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney fees, and other appropriate relief. Puerto Rico Code 29 L.P.R.A. § 177.

87.     Defendant violated Puerto Rico Code § 173 by regularly and repeatedly failing to properly compensate Plaintiff for all his compensable time and failing to do so in the time required by law.

88.     Defendant willfully failed to pay Plaintiff for time worked.

89.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages, and other damages. all more than the jurisdictional minimum.

**JURY DEMAND**

90.     Plaintiff demand trial by jury on all issues so triable.

**Prayer For Relief**

91.     Plaintiff, on behalf of himself and the Class Members, defined above, pray for relief as follows:

A.  Determining that the FLSA claims stated herein may proceed as a collective action;

B.  Determining that the Puerto Rico claims stated herein may proceed as a class action;

C.  Declaring that Defendant committed multiple, separate violations of the FLSA and Puerto Rico law;

D.  Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff' rights and his obligations under the FLSA and Puerto Rico law;

E.  Awarding actual and statutory damages, unpaid overtime wages, liquidated damages, reimbursement for all withheld deductions, and penalties as authorized by the FLSA and Puerto Rico law;

F.  Awarding reasonable attorneys' fees and costs as provided by the FLSA and Puerto Rico law; and

G.  Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.

In San Juan, Puerto Rico, this 28th day of August, 2018.

RESPECTFULLY SUBMITTED,

KENNEDY HODGES, LLP

By: /s/ Don Foty
Don J. Foty - *will apply for admission pro hac vice*
Texas Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Fax: (713) 523-1116
Email: dfoty@kennedyhodges.com

AND

SHELLIST LAZARZ & SLOBIN LLP

By: /s/ Ricardo J. Prieto_____
Ricardo J. Prieto - *will apply for admission pro hac vice*
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

AND

THE LAW OFFICES OF
ANDRES W. LOPEZ, P.S.C.

By: s/Andres W. Lopez
Andres W. Lopez
USDC Bar No. 215311
andres@awllaw.com
P.O. Box 13909
San Juan, PR 00908
(787) 294-9508 (Tel)
(787) 294-9519 (Fax)